**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4918**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

STEVEN JONATHAN BLUNT,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00029-GMG-RWT-1)

Submitted:  September 30, 2019          Decided:  October 10, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Timothy David Helman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Jonathan Blunt pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2013 & Supp. 2019). The district court sentenced Blunt to 250 months' imprisonment, a downward variance from his Sentencing Guidelines range of 262 to 327 months. Blunt's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Blunt's below-Guidelines-range sentence is reasonable. Although notified of his right to file a supplemental pro se brief, Blunt has not done so. We affirm.

We review a criminal sentence—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see* 18 U.S.C. § 3553(a). If there is no significant procedural error, then we consider the sentence's substantive reasonableness. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Sentencing Guidelines range, gave the parties the opportunity to

argue for an appropriate sentence, and sufficiently explained the chosen sentence. Because Blunt has failed to rebut the presumption of reasonableness that we afford his below-Guidelines-range sentence, we find no abuse of discretion in the district court's imposition of Blunt's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. This court requires that counsel inform Blunt, in writing, of the right to petition the Supreme Court of the United States for further review. If Blunt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blunt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*